UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISON
CASE NO. 1:22-cv-24150-SCOLA/GOODMAN

**MSP RECOVERY CLAIMS SERIES 44, LLC,**

 **Plaintiff,**

v.

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY,**

 **Defendant.**
_____/

### ORDER GRANTING IN PART PLAINTIFF'S MOTION TO EXTEND TIME TO JOIN PARTIES AND TO FILE MOTIONS TO AMEND THE PLEADINGS

Plaintiff MSP Recovery Claims Series 44, LLC ("MSP Recovery") asks this Court to extend the deadline "to join parties and to file motions to amend the pleadings" to August 2, 2023, which is 30 days before the deadline to complete fact discovery. [ECF No. 11]. Defendant State Farm Mutual Automobile Insurance Company ("State Farm") filed a response, stating that it does not oppose MSP Recovery's request for an enlargement of time, but asks that the Court extend the deadline to only June 5, 2023, which is 90 days before the deadline to complete fact discovery. [ECF No. 19]. United States District Court Judge Robert N. Scola, Jr. referred to the Undersigned the motion "to be heard and determined, consistent with 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of the Local Magistrate Judge Rules." [ECF No. 12].

Plaintiff filed this action in Florida state court on November 17, 2022. [ECF No. 1-

2]. Defendant removed the case to federal court on December 21, 2022. [ECF No. 1]. In support of its request for a five-month extension of the deadline to amend pleadings and add parties, Plaintiff states in a conclusory fashion that this extension "would give the parties adequate time to determine on a full record other parties that may need to be joined and the facts that they intend to prove at trial." [ECF No. 11]. Plaintiff has provided no facts which are unique to this case which would justify such a lengthy extension of time. *Awodiya v. Ross Univ. Sch. of Med.*, No. 18-60482-CIV, 2021 WL 9928510, at *1 (S.D. Fla. Oct. 28, 2021) ("Under Rule 16, a scheduling order 'may be modified only **for good cause** and with the judge's consent.'" (quoting Fed. R. Civ. P. 16(b)(4) (emphasis added)).

Plaintiff's threadbare assertions -- which could be applied to *any* case -- hardly establish that good cause exists for such a lengthy extension of time. Further, as Defendant notes in its response, such a protracted extension could hamper a new party's ability to engage in discovery and would likely result in an extension of the trial date. Nonetheless, because Defendant does not object to an extension to June 5, 2023, the Undersigned **grants in part** Plaintiff's motion and extends the deadline for the parties to amend their pleadings or to join parties to June 5, 2023.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on March 16, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**<u>Copies furnished to:</u>**
The Honorable Robert N. Scola, Jr.
All counsel of record